UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TROY SHORTER,

                                       Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR
WILLIAM AUBRY, POLICE OFFICERS JOHN DOE #1-
14,

                                       Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 4793 (LAK)

Jury Trial Demanded

       Defendants, the City of New York, Commissioner Raymond Kelly, and Deputy Inspector William Aubry, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action and seek the relief as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purport to invoke the Court's jurisdiction as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the current Commissioner of the New York City Police Department and that plaintiff purports to sue Commissioner Kelly in his individual and official capacities.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that William Aubry is the Commanding Officer of the 67th Precinct and that plaintiff purports to sue Deputy Inspector Aubry in his individual and official capacities.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint concerning unidentified officers, and admit that Commissioner Kelly and Deputy Inspector Aubry are employed by the City of New York as employees of the NYPD.

12. The allegations set forth in paragraph "12" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on March 15, 2007 and that no payment has been made.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that on information and belief police officers executed a search warrant at 2710 Avenue D on or about March 7, 2006.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint and all subparts thereto.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint, and state that the allegations concerning "color of law" constitute conclusions of law rather than averments of fact to which no response is required.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

66. The allegations set forth in paragraph "66" constitute conclusions of law rather than averments of fact to which no response is required.

67. Deny the allegations set forth in paragraph "67" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

68. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72. Defendants Commissioner Kelly and Deputy Inspector Aubry have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74. The actions of any police officers involved were justified by probable cause.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

77. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

78. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

79. Commissioner Raymond Kelly and Deputy Inspector Aubry had no personal involvement in the allegations alleged in the complaint.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

80. Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** the City of New York, Commissioner Raymond Kelly, and Deputy Inspector William Aubry request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 6, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street, Room 3-213
> New York, New York 10007
> (212) 788-0971
>
> By:     /s/
>     Anna Nguyen (AN 6973)
>     Assistant Corporation Counsel

TO:  Leo Glickman, Esq. (via ECF)
     Attorney for Plaintiff

Index No. 07 CV 4793 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY SHORTER,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR WILLIAM AUBRY, POLICE OFFICERS JOHN DOE #1-14,

                                      Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Anna Nguyen*
    *Tel:  (212) 788-0971*
    *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................., 200......*

*............................................................................ Esq.*

*Attorney for....................................................................*