UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

TROY SHORTER,

                                                   Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR
WILLIAM AUBRY, INSPECTOR BOYCE, CAPTAIN
SPRAGUE, LIEUTENANT DELEON, LIEUTENANT
MALONEY, SERGEANT GLASSBERG, POLICE
OFFICER RODRIGUEZ, POLICE OFFICER BALBONI,
POLICE OFFICER APONTE, POLICE OFFICER
POWERS, POLICE OFFICER DEJESUS, KENNY
RIVERA, POLICE OFFICERS JOHN DOE #1-3

                                     Defendants.

---------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT AND
JURY DEMAND**

DOCKET # 07CV4793

ECF CASE



NOV 09 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a March 7, 2006 incident and a March 9, 2007 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful entry and property damage, and unlawful stop and search, assault and battery.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.    Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.    Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8.    The City of New York is a municipal corporation organized under the laws of the State of New York.

9.    New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants.  Kelly is sued in his individual and official capacities.

10.    Inspector Boyce was at all times here relevant the commanding officer of the 67th Precinct and the Supervisor on the scene during the March 6, 2006 incident, and as such was a policy maker with respect to training, supervision and discipline of NYPD officers at the scent. Boyce is sued in his individual and official capacities.

11.    All others individual defendants ("the officers") are employees of the NYPD, and are

2

003/012

sued in their individual capacities.

12.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13.   Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14.   On March 7, 2006, plaintiff's place of business was illegally entered, searched, and his property damaged without probable cause, a search warrant, or consent.  No charges were brought against plaintiff as a result of this illegal entry and search.

15.   On March 9, 2007, plaintiff was illegally pulled over in his vehicle, approached at gun point, pulled out of his vehicle by the officers, frisked, searched and detained while the officers searched his vehicle, including his glove compartment and trunk, without reasonable suspicion. The officers damaged the automobile in the courses of the incident.  The officers subjected plaintiff to excessive force and offensive touching of his genitalia during the search.  Plaintiff was not arrested or given a ticket following the illegal stop and search, for which plaintiff was detained for approximately 45 minutes.

16.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They

3

failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17.    During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.    Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e.    Physical pain and suffering;

    f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g.    Loss of liberty;

    h.    Property damage, repair expenses, and costs related to business losses.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

19.    The above paragraphs are here incorporated by reference.

20.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights under

color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42
USC § 1983.

21.   Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches
and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States
Constitution.  Defendants' conduct also deprived plaintiff of his right to due process of law,
pursuant to the Fourteenth Amendment of the United States Constitution.

22.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

23.   The above paragraphs are here incorporated by reference.

24.   The City, Kelly, Aubry, and Boyce are liable for the damages suffered by plaintiff as a
result of the conduct of their employees, agents, and servants.

25.   The City, Kelly, Aubry, and Boyce knew or should have known of their employees',
agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

26.   The aforesaid event was not an isolated incident.  The City, Kelly, Aubry, and Boyce
have been aware for some time (from lawsuits, notices of claim and complaints filed with the
Civilian Complaint Review Board) that many of their police officers are insufficiently trained on
what is required to approach and stop automobiles and on what observations are required to
support probable cause.  The City, Kelly, Aubry and Boyce are further aware, from the same
sources, that NYPD officers routinely ignore the necessary predicates for an automobile stop,
and that a "wall of silence" exists by which police officers detain citizens on curbsides without
fear of reprisal.  The City, Kelly, Aubry, and Boyce fail to discipline officers for not reporting
fellow officers' misconduct that they have observed, and they fail to discipline officers for

making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Kelly, Aubry and Boyce have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, Aubry and Boyce are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

27. The City, Kelly, Aubry and Boyce knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Kelly, Aubry and Boyce failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

28. The City, Kelly, Aubry and Boyce have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

29. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, Aubry and Boyce to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

30. Defendants the City, Kelly, Aubry and Boyce have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

31.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, Aubry and Boyce.

## THIRD CAUSE OF ACTION
### (ASSAULT)

32.    The above paragraphs are here incorporated by reference.

33.    As to the March 9, 2007 incident, upon approaching with guns pointed, removing plaintiff from the automobile, detaining, and searching plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

34.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

35.    Plaintiff was damaged by defendants' assault.

## FOURTH CAUSE OF ACTION
### (BATTERY)

36.    The above paragraphs are here incorporated by reference.

37.    As to the March 9, 2007 incident, defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching.

38.    Defendants used excessive and unnecessary force with plaintiff.

39.    Defendants subjected plaintiff to extremely offensive touching of his genital area.

40.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

41.    Plaintiff was damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
### (FALSE IMPRISONMENT)

42.    The above paragraphs are here incorporated by reference.

43.    As to the March 9, 2007 incident, defendants subjected plaintiff to false imprisonment and deprivation of liberty without probable cause when they detained him outside of his vehicle.

44.    Defendant intended to confine plaintiff.

45.    Plaintiff was conscious of his confinement, was not free to leave, and did not consent to his confinement.

46.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

47.    As a result of the false imprisonment, and deprivation of liberty, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
### (TRESPASS)

48.    All preceding paragraphs are here incorporated by reference.

49.    As to the March 7, 2006 incident, defendants voluntarily and intentionally entered areas of plaintiff's store premises where they were not invited and not given consent to enter.

50.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under New York State common law, 42 USC §1983 and the New York State Constitution.

51.    As a result of the trespass, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (TRESPASS TO CHATTEL)

52. All preceding paragraphs are here incorporated by reference.

53. As to the March 9, 2007 incident, defendants voluntarily and intentionally interfered with plaintiff's possession of his automobile when they broke the door handle and cup-holder in the interior of the car.

54. Defendants' interference with plaintiffs' personal property caused damage.

## EIGHTH CAUSE OF ACTION
### (CONVERSION)

55. All preceding paragraphs are here incorporated by reference.

56. As to the March 7, 2006 incident, defendants voluntarily and intentionally substantially interfered with plaintiff's possession of his business inventory.

57. Defendants' substantial interference with plaintiff's property caused an alteration to the character of the property.

## NINTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

58. All preceding paragraphs are here incorporated by reference.

59. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

60. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## TENTH CAUSE OF ACTION
### (NEGLIGENCE)

61. All preceding paragraphs are here incorporated by reference.

62. As to the March 7, 2006 incident, defendants owed plaintiff a duty to use reasonable care to search his place of business without causing damages. Defendants breached that duty by failing to use reasonable care while unlawfully searching plaintiff's place of business, causing damage to his place of business and store property.

63. As to the March 9, 2007 incident, defendants owed plaintiff a duty to use reasonable care to search his automobile without causing damages. Defendants breached that duty by failing to use reasonable care while unlawfully searching plaintiff's automobile, causing damage to the automobile.

64. Plaintiff was damaged by the negligence of the defendants on March 7, 2006 and March 9, 2007.

## ELEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

65. The preceding paragraphs are here incorporated by reference.

66. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

67. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

D.    Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
          November 8, 2007

TO:    New York City                          Yours, etc.,
       Corporation Counsel Office
       100 Church Street, 4th floor           *[signature]*
       New York, NY  10007                     LEO GLICKMAN, ESQ.
                                               Bar #LG3364
       Police Commissioner Raymond W. Kelly    Attorney for Plaintiff
       1 Police Plaza                          71 Nevins Street
       Room 1406                               Brooklyn, NY  11217
       New York, NY 10006                      (718) 852-3710
                                               lglickman@stollglickman.com
       Deputy Inspector William Aubry
       67th Precinct, NYPD
       2820 Snyder Ave.
       Brooklyn NY 11216                       Lieutenant Maloney
                                               67th Precinct, NYPD
                                               2820 Snyder Ave.
       Inspector Boyce                         Brooklyn NY 11216
       67th Precinct, NYPD
       2820 Snyder Ave.
       Brooklyn NY 11216                       Sergeant David Glassberg
                                               PSA 2
                                               560 Sutter Avenue
       Captain John Sprague                    Brooklyn NY 11207
       62th Precinct, NYPD
       1925 Bath Avenue
       Brooklyn NY 11214                       Police Officer Rodriguez
                                               67th Precinct, NYPD
                                               2820 Snyder Ave.
       Lieutenant Deleon                       Brooklyn NY 11216
       67th Precinct, NYPD
       2820 Snyder Ave.
       Brooklyn NY 11216                       Police Officer Marco Balboni
                                               Detective Squad
                                               67th Precinct, NYPD
                                               2820 Snyder Ave.
                                               Brooklyn NY 11216

11

Police Officer Christopher Aponte
67th Precinct, NYPD
2820 Snyder Ave.
Brooklyn NY 11216

Police Officer Powers
67th Precinct, NYPD
2820 Snyder Ave.
Brooklyn NY 11216

Police Officers John Doe #1-3
67th Precinct, NYPD
2820 Snyder Ave.
Brooklyn NY 11216

Police Officer Pablo Dejesus
Detective Squad
67th Precinct, NYPD
2820 Snyder Ave.
Brooklyn NY 11216

Police Officer Kenny Rivera
69th Precinct, NYPD
9720 Foster Ave.
Brooklyn NY 11236