UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TROY SHORTER,

                                         Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR
WILLIAM AUBRY, INSPECTOR BOYCE, CAPTAIN
SPRAGUE, LIEUTENANT DELEON, LIEUTENANT
MALONEY, SERGEANT GLASSBERG, POLICE
OFFICER RODRIGUEZ, POLICE OFFICER BALBONI,
POLICE OFFICER APONTE, POLICE OFFICER
POWERS, POLICE OFFICER DEJESUS, KENNY
RIVERA, POLICE OFFICERS JOHN DOE #1-3,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEPUTY CHIEF ROBERT K. BOYCE**

07 CV 4793 (LAK)

Jury Trial Demanded

       Defendant Deputy Chief Robert K. Boyce by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows:[1]

       1.    Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to proceed as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiff purports to proceed as stated therein.

---

[1] On information and belief, "Captain Sprague, Lieutenant Deleon, Lieutenant Maloney, Sergeant Glassberg, Police Officer Rodriguez, Police Officer Balboni, Police Officer Aponte, Police Officer Powers, Police Officer Dejesus, [and] Kenny Rivera," who plaintiff purports to name as defendants as identified in the caption of the amended complaint, have not yet been served with the summons and complaint or amended complaint in this action.

  Defendants City of New York, Commissioner Raymond Kelly, and Deputy Inspector William Aubry filed their answer to the amended complaint on January 11, 2008.

3. Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiff purports to bring this action and seek the relief as stated therein.

4. Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff purport to invoke the Court's jurisdiction as stated therein.

5. Denies the allegations set forth in paragraph "5" of the amended complaint.

6. Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint

8. Admits the allegations set forth in paragraph "8" of the amended complaint.

9. Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that Raymond Kelly is the current Commissioner of the New York City Police Department and that plaintiff purports to sue Commissioner Kelly in his individual and official capacities.

10. Denies the allegations set forth in paragraph "10" of the amended complaint, except and admits that Deputy Chief Boyce was a former Commanding Officer of the 67th Precinct and that plaintiff purports to sue him in his individual and official capacities.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint concerning unidentified

officers, and admits that Commissioner Kelly, Deputy Inspector Aubry, and Deputy Chief Boyce are employed by the City of New York as employees of the NYPD.

12. The allegations set forth in paragraph "12" of the amended complaint constitute legal conclusions rather than averments of fact to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the amended complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on March 15, 2007 and that no payment has been made.

14. Denies the allegations set forth in paragraph "14" of the amended complaint, except admits that on information and belief police officers executed a search warrant at 2710 Avenue D on or about March 7, 2006.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Denies the allegations set forth in paragraph "16" of the amended complaint.

17. Denies the allegations set forth in paragraph "17" of the amended complaint.

18. Denies the allegations set forth in paragraph "18" of the amended complaint and all subparts thereto.

19. In response to the allegations set forth in paragraph "19" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the amended complaint.

21. Denies the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the amended complaint.

23. In response to the allegations set forth in paragraph "23" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the amended complaint.

25. Denies the allegations set forth in paragraph "25" of the amended complaint.

26. Denies the allegations set forth in paragraph "26" of the amended complaint.

27. Denies the allegations set forth in paragraph "27" of the amended complaint.

28. Denies the allegations set forth in paragraph "28" of the amended complaint.

29. Denies the allegations set forth in paragraph "29" of the amended complaint.

30. Denies the allegations set forth in paragraph "30" of the amended complaint.

31. Denies the allegations set forth in paragraph "31" of the amended complaint.

32. In response to the allegations set forth in paragraph "32" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint.

34. Denies the allegations set forth in paragraph "34" of the amended complaint.

35. Denies the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the amended complaint.

38. Denies the allegations set forth in paragraph "38" of the amended complaint.

39. Denies the allegations set forth in paragraph "39" of the amended complaint.

40. Denies the allegations set forth in paragraph "40" of the amended complaint.

41. Denies the allegations set forth in paragraph "41" of the amended complaint.

42. In response to the allegations set forth in paragraph "42" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the amended complaint.

44. Denies the allegations set forth in paragraph "44" of the amended complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the amended complaint.

46. Denies the allegations set forth in paragraph "46" of the amended complaint.

47. Denies the allegations set forth in paragraph "47" of the amended complaint.

48. In response to the allegations set forth in paragraph "48" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint.

50. Denies the allegations set forth in paragraph "50" of the amended complaint.

51. Denies the allegations set forth in paragraph "51" of the amended complaint.

52. In response to the allegations set forth in paragraph "52" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the amended complaint.

54. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the amended complaint.

55. In response to the allegations set forth in paragraph "55" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the amended complaint.

57. Denies the allegations set forth in paragraph "57" of the amended complaint.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the amended complaint, and state that the allegations concerning "color of law" constitute conclusions of law rather than averments of fact to which no response is required.

60. Denies the allegations set forth in paragraph "60" of the amended complaint.

61. In response to the allegations set forth in paragraph "61" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the amended complaint.

63. Denies the allegations set forth in paragraph "63" of the amended complaint.

64. Denies the allegations set forth in paragraph "64" of the amended complaint.

65. In response to the allegations set forth in paragraph "65" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

66. The allegations set forth in paragraph "66" constitute conclusions of law rather than averments of fact to which no response is required.

67. Denies the allegations set forth in paragraph "67" of the amended complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

68. The amended complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73. At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74. The actions of any police officers involved were justified by probable cause.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

79. Commissioner Raymond Kelly, Deputy Inspector Aubry, and Deputy Chief Boyce had no personal involvement in the allegations alleged in the amended complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

80. Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** the defendant Deputy Chief Robert Boyce requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 14, 2008

                      MICHAEL A. CARDOZO
                      Corporation Counsel of the
                        City of New York
                      Attorney for Defendants City of New York, Kelly,
                      Aubry, and Boyce
                      100 Church Street, Room 3-213
                      New York, New York 10007
                      (212) 788-0971

                    By:     /s/
                            Anna Nguyen
                            Assistant Corporation Counsel

TO:   Leo Glickman, Esq. (via ECF)
       Attorney for Plaintiff

Index No.  07 CV 4793 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY SHORTER,

         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR WILLIAM AUBRY, INSPECTOR BOYCE, CAPTAIN SPRAGUE, LIEUTENANT DELEON, LIEUTENANT MALONEY, SERGEANT GLASSBERG, POLICE OFFICER RODRIGUEZ, POLICE OFFICER BALBONI, POLICE OFFICER APONTE, POLICE OFFICER POWERS, POLICE OFFICER DEJESUS, KENNY RIVERA, POLICE OFFICERS JOHN DOE #1-3,

         Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEPUTY CHIEF ROBERT BOYCE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
 *Attorney for Defendants City of New York,*
 *Commissioner Kelly, Deputy Inspector*
 *Aubry, and Deputy Chief Boyce*
 *100 Church Street*
 *New York, N.Y.  10007*

 *Of Counsel:  Anna Nguyen*
 *Tel:  (212) 788-0971*
 *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................., 200......*

*............................................................... Esq.*

*Attorney for....................................................................*